IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BARRY LEIN,                                         Case No. 6:25-cv-02100-MC

       Plaintiff,                                OPINION AND ORDER

    v.

JUDGE TRACY PRALL, in her official capacity
as Presiding Judge of the Marion County Circuit
Court, Oregon; CATHERINE ROGERS, Judge of
the First Judicial District Court, Laramie County;
ROBIN COOLEY, Judge of the First Judicial
District Court, Laramie County,

       Defendants.

_____

MCSHANE, Judge:

    Self-represented Plaintiff Barry Lein brings several claims under 42 U.S.C. § 1983 against three Defendants for denying jurisdiction over his petition for child custody and visitation. Compl. I.B., IV, Attach. 1, ECF No. 1. Plaintiff also seeks a stay of the related state court proceedings in Oregon and Wyoming. Pl.'s Mot. Stay, ECF No. 6.

    Because the Court lacks jurisdiction over Plaintiff's claims, the case is **DISMISSED**, with prejudice. Accordingly, Plaintiff's Motion to Stay Related State Proceedings, ECF No. 6, is **DENIED AS MOOT**.

## **BACKGROUND**

    In 2020, Plaintiff Barry Lein began cohabitating with Alicia Moore and her two biological children, E.P. and M.P., in Cheyenne, Wyoming. Compl. Ex. A ¶¶ 1, 3. In April of 2022, Plaintiff,

Ms. Moore, and her children relocated to Oregon. *Id.* at ¶ 3. Two and a half years later, Plaintiff

and Ms. Moore separated and Plaintiff stopped living with her and her children. *Id.*

      In March of 2025, Plaintiff filed an action in Laramie County District Court in Wyoming

seeking primary caregiver visitation rights. Compl. Ex. A ¶¶ 2, 5–6. This was the same court that

entered the divorce decree between Ms. Moore and her children's biological father in 2018. *Id.* at

¶ 2. Plaintiff then filed a motion to transfer jurisdiction to Oregon, arguing that Oregon is now E.P.

and M.P.'s home state under the Uniform Child Custody Jurisdiction and Enforcement Act

("UCCJEA"). *Id.* at ¶ 7. The Laramie County District Court agreed and dismissed Plaintiff's

action. *Id.* at ¶¶ 14–15. However, the court noted that Plaintiff's custody and visitation petition

constituted a new matter "separate and apart" from the 2018 divorce proceeding. *Id.* at ¶ 13. Under

the UCCJEA, the Laramie County District Court retains "continuing and exclusive" jurisdiction

to determine custody and visitation under the divorce action. *Id.*

      In April of 2025, Plaintiff filed a petition in Marion County Circuit Court for custody and

visitation of E.P. and M.P. Compl. Ex. B. The court determined that it lacked jurisdiction over

child custody, parenting time, or visitation determinations for E.P. and M.P. pursuant to the

UCCJEA. *Id.* at ¶ 2. In its judgment of dismissal of Plaintiff's motion for custody and visitation,

the court noted that E.P. and M.P.'s biological parents do not consent to jurisdiction in Oregon.

Compl. Ex. E ¶ 4. And the Court declared that "[t]here is no legal basis to force visitation between

former step-children" under Oregon law. *Id.* at ¶ 8.

## LEGAL STANDARD

      Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 377 (1994). Courts "have an independent obligation to ensure that they

do not exceed the scope of their jurisdiction . . . ." *Henderson ex rel. Henderson v. Shinseki*, 562

U.S. 428, 434 (2011). If a court finds that it lacks subject matter jurisdiction because of an

incurable defect, then the court should dismiss the action with prejudice. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (holding that the district court did not abuse its discretion in dismissing an action with prejudice because sovereign immunity posed an absolute bar to jurisdiction).

## **DISCUSSION**

### I.     ***Rooker-Feldman* bars this Court's jurisdiction over Plaintiff's claims**

The *Rooker-Feldman* doctrine clearly frustrates Plaintiff's action before this Court. The doctrine "precludes federal adjudication of a claim that 'amounts to nothing more than an impermissible collateral attack on prior state court decisions.'" *Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Cir.*, 453 F.3d 1160, 1165 (9th Cir. 2006) (citation omitted). *Rooker-Feldman* also bars claims and issues "inextricably intertwined" with a forbidden appeal of state court judgments. *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003).

Plaintiff's claims collaterally attack decisions from the courts of two different states. To consider Plaintiff's action would require this Court to review several state court judgments against him. For instance, Plaintiff alleges he was injured by the Laramie County District Court's transfer of jurisdiction to Oregon in its order dismissing Plaintiff's petition for temporary visitation and relief. Compl. III.A; *id.* at Ex. A ¶ 14. Never mind that Plaintiff filed a motion in that action to transfer jurisdiction from Wyoming to Oregon under the UCCJEA. Compl. Ex. A ¶ 7. Nonetheless, Plaintiff contends that he "continues to experience" harm on account of "conflicting rulings" and "lack of mandatory judicial communication . . . ." Compl. III.A. Plaintiff "asserts as a legal wrong" state court jurisdictional decisions and judgments awarding attorney fees and costs. *See Noel*, 341 F.3d at 1164. Because Plaintiff attacks prior state court determinations—the kind of de facto appeal barred by *Rooker-Feldman*—this Court lacks jurisdiction to hear his claims.

## II.    Even if *Rooker-Feldman* did not preclude jurisdiction, *Younger* instructs this Court to abstain

Plaintiff's action falls within *Younger's* "narrow exception to the general rule that federal courts" must "exercise the jurisdiction vested in them by Congress." *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 727 (9th Cir. 2017). *Younger* abstention holds that federal courts "generally should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 n. 4 (9th Cir. 2004). It applies when state proceedings: (1) are ongoing; (2) involve a state's interest in enforcing the judgment of its courts; (3) implicate an important state interest; and (4) afford plaintiffs an opportunity to litigate federal constitutional claims. *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018).

First, Plaintiff plainly states that "[a]ppeals involving the same jurisdictional disputes remain active in the Oregon Court of Appeals." Pl.'s Mot. Stay ¶ 3. "Oregon and Wyoming Courts continue . . . taking actions based on disputed jurisdictional findings now before this Court." *Id.* at ¶ 5. The state proceedings are ongoing.

Second, Oregon and Wyoming undoubtedly have an interest in enforcing family law judgments issued by their respective courts. State courts have a "close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). As such, they have developed a "special proficiency" in handling family law matters. *Id.*

Relatedly, Plaintiff's pending custody and visitation actions involve important state interests. "Family relations are a traditional area of state concern." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)); *see also Ankenbrandt*, 504 U.S. at 703–04 (1992) (holding that federal courts should not interfere with domestic relations issues and that "state courts are more eminently suited to work of this

type . . . .").

Finally, Plaintiff offers no reason why he cannot appeal jurisdictional findings or judgments awarding attorney fees and costs in state court. The Court cannot discern a cognizable federal constitutional claim. And even if it could, Plaintiff falls short of his burden "to show that he was 'barred from raising [his] federal claims in the [state court] action.'" *Wiener v. Cnty. of S.D.*, 23 F.3d 263, 267 (9th Cir. 1994) (citation omitted).

### III.  <u>The Anti-Injunction Act requires the Court to deny Plaintiff's motion to stay related state court proceedings</u>

Even if Plaintiff's Complaint survived, this Court cannot stay related state court proceedings under the Anti-Injunction Act ("AIA"). On its face, the AIA "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008) (citation omitted). The statute provides that federal courts "may not grant an injunction to stay proceedings in a State court except as [1] expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283. None of these exceptions apply to Plaintiff's action.

### <u>CONCLUSION</u>

This Court does not grant Plaintiff leave to amend his Complaint. "A district court may deny leave to amend when amendment would be futile." *Hartmann v. Cal. Dep't of Corr. and Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) (citation omitted). Since the ineluctable infirmity in Plaintiff's Complaint is that it collaterally attacks state court judgments, amending is fruitless.

/ / / /

/ / / /

/ / / /

Because this Court lacks jurisdiction under *Rooker-Feldman*, Plaintiff's action, ECF No.

1, is **DISMISSED**, with prejudice. Plaintiff's Motion to Stay Related State Proceedings, ECF No.

6, is **DENIED AS MOOT**.


IT IS SO ORDERED.

DATED this <u>10th</u> day of December 2025.

<u>s/ Michael McShane</u>
Michael McShane
United States District Judge